UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD ADAMS,

               Plaintiff,

-against-

BRONX DISTRICT ATTORNEYS OFFICE,

               Defendant.

26-CV-1372 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims of fraud under state law. By order dated April 6, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff submitted the complaint without the filing fees or an IFP application. By order dated February 20, 2026, the Court directed Plaintiff to cure this deficiency. (ECF 3.) Plaintiff filed an IFP application on March 4, 2026.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the Bronx District Attorney's Office, referencing the New York Civil Practice Law and Rules ("CPLR") and asserting claims of fraud. The following allegations are drawn from the complaint.[2] On May 20, 2021, Bronx County Assistant District Attorney Keturah Ladd "introduced a false document" in Bronx Supreme Court proceedings.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

(ECF 1, at 1.) Plaintiff describes the document as a "Wanted Poster" indicating that Plaintiff was wanted for a menacing incident that occurred on October 19, 2017. (*Id.*) The document was introduced by Ladd through the testimony of two witnesses who "committed the perjury," and whom Plaintiff states that he is suing in another civil action in this court, *Adams v. Co-Op City*, No. 21-CV-2675 (DEH) (S.D.N.Y. filed Mar. 25, 2021). (*Id.*) Plaintiff alleges that the accusation that he is wanted for menacing on October 19, 2017, is "categorically incorrect" and "proven to be a falsity" as he was "arrested and released of the frivolous charge" on August 10, 2017. (*Id.* at 3.)

Plaintiff alleges that he was indicted under two separate indictments in the Bronx Supreme Court, and that both indictments were based, at least in part, on the witnesses' testimony and the allegedly false "Wanted Poster." (*See id.* at 1.) Plaintiff alleges that, in one of the cases (Indictment No. 444-2018), the prosecution "did not have the complainant Margaret Vincze testify as a witness [at trial] . . . due to the subordination of perjury . . . committed by the Bronx District Attorneys office." (*Id.* at 2.) Plaintiff maintains that Vincze's testimony and identification of Plaintiff, however, were used to secure the indictment. He asserts that Vincze and her daughters were "pawns" for the District Attorney's Office. (*Id.* at 4.) Plaintiff also suggests that he lost custody of his children as a result of orders of protection issued against him based on the indictments. (*See id.*)

Plaintiff states that he was eventually "cleared of all bogus charges" and "discharged from the jurisdiction of the Bronx Courts." (*Id.* at 4.) Specifically, he alleges that, on October 14, 2021, a jury acquitted Plaintiff of all nine counts included in indictment number 444-2018, and the court dismissed the counts included in indictment number 252-2019 on September 20, 2022. (*See id.* at 5.)

Plaintiff argues that his claims of "fraud" are timely under New York CPLR 213(8). He alleges that the fraud against him was committed in the state court on May 20, 2021, which is also the date on which he allegedly became aware of the fraud.

Plaintiff seeks money damages.

## DISCUSSION

### A.    State law claims

Plaintiff seeks to assert claims of fraud, which arise under state law, but he does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider his state law claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, both Plaintiff and Defendant are citizens of the State of New York, precluding complete diversity of citizenship. The Court therefore lacks diversity jurisdiction of Plaintiff's state law fraud claims.

In light of Plaintiff's *pro se* status, the Court liberally construes the complaint as asserting claims, under the Court's federal question jurisdiction, of federal constitutional violations under 42 U.S.C. § 1983.

### B.    Bronx District Attorney's Office

The Court must dismiss Plaintiff's Section 1983 claims against the Bronx County District Attorney's Office. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated

4

the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. in the State of New York, a District Attorney's Office, when prosecuting a criminal matter, is deemed an arm of the State of New York and, therefore, in that context, enjoys Eleventh Amendment immunity from suit. *See Mitchell v. New York*, No. 23-705, 2024 WL 319106, at *2 (2d Cir. Jan. 29, 2024) (summary order) ("[Section] 1983 suits against a district attorney in his official capacity and a district attorney's office are barred by the Eleventh Amendment." (citing, *inter alia*, *Ying Jing Gan v. City of New York*, 996 F.2d 552, 536 (2d Cir. 1993)); *Singleton v. N.Y.C. Police Dep't*, No. 1:20-CV-9699 (LLS), 2021 WL 665032, at *2 (S.D.N.Y. Feb. 17, 2021) ("Courts have held that an office of a district attorney in New York State is afforded Eleventh Amendment immunity with regard to its decision to prosecute. Courts have also held that such an office is a nonsuable entity." (citations omitted)).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's claims against the Bronx County District Attorney's Office, as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

## C.     Malicious prosecution and fabrication of evidence

Plaintiff's allegations suggest he may be attempting to bring federal claims of malicious prosecution or fabrication of evidence. Plaintiff, however, does not name any identifiable, suable defendant against whom these claims may be asserted.[3] The Court grants Plaintiff leave to

---

[3] Plaintiff alleges that ADA Ladd introduced the allegedly false document into evidence. Prosecutors, such as ADA Ladd, are immune from civil suits for damages for acts committed

replead claims under Section 1983 for malicious prosecution and/or fabrication of evidence in an amended complaint that names an appropriate defendant, alleges facts sufficient to satisfy the standards set forth below, and alleges facts demonstrating that such claims are timely or that equitable tolling should apply.

To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). "To state a fair trial claim based on fabricated evidence, a plaintiff must allege that 'an (1) investigating official (2) fabricat[ed] information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result.'" *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 75 (S.D.N.Y. Jan. 22, 2020) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 280 (2d Cir. 2016)).

If Plaintiff files an amended complaint asserting claims of malicious prosecution and/or fabrication of evidence, in addition to alleging facts to satisfy the standards above, he should also address the timeliness of his claims. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of*

---

within the scope of their official duties where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (explaining that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). Because Plaintiff's claims against Ladd would be based on actions taken within the scope of her prosecution of Plaintiff, those claims would be barred by prosecutorial immunity.

*Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Claims for malicious prosecution and fabrication of evidence accrue when the underlying criminal proceedings have been resolved in the plaintiff's favor. *See McDonough v. Smith*, 588 U.S. 109, 116-17 (2019). Here, Plaintiff alleges that one of his criminal cases was resolved in his favor on October 14, 2021, and the other case was resolved in his favor on September 20, 2022. (*See* ECF 1, at 5.) Plaintiff's claims therefore accrued, at the latest, on September 20, 2022, and he would have had three years, or until September 20, 2025, to file a timely Section 1983 claim. Plaintiff filed the complaint commencing this action on February 17, 2026, almost five months after the expiration of the three-year limitations period. His Section 1983 claims therefore appear untimely.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that, where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (finding that, although mental illness is on its own insufficient for equitable

tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

Even though failure to file an action within the limitations period is an affirmative defense, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007), the Court may nevertheless dismiss an action where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading, *see Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)). If Plaintiff files an amended complaint asserting claims under Section 1983, he should allege facts demonstrating that those claims are timely or that equitable or statutory tolling should apply, or the amended complaint will be subject to dismissal.

## D.    Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."[4] 28 U.S.C.

---

[4] As explained above, the Court lacks diversity of citizenship jurisdiction to consider Plaintiff's state law claims.

8

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for malicious prosecution and/or fabrication of evidence, the Court grants Plaintiff 30 days' leave to amend his complaint to address the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by

the Eleventh Amendment and for failure to state a claim on which relief may be granted, *see* 28

U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff

may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    June 26, 2026
          New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge

10